# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: L.N.

No. 17-0197 (Wood County 15-JA-40)

**FILED**

**June 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.N., by counsel Eric K. Powell, appeals the Circuit Court of Wood County's February 8, 2017, order terminating his parental rights to L.N.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Debra L. Steed, filed a response on behalf of the child in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his motion to withdraw his stipulation at adjudication and in adjudicating him of abusing and neglecting the child.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2015, the DHHR filed an abuse and neglect petition that alleged the mother, L.N., abused the child by virtue of her substance abuse. The petition specifically alleged that the mother engaged in intravenous drug use and operated a methamphetamine laboratory in the home. At the time of the petition's filing, petitioner had not resided in the home since May of 2014, when he was arrested and charged with manufacturing and delivering heroin. Petitioner

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

remained incarcerated on those charges after pleading guilty in an unrelated criminal proceeding. The initial petition made no allegations against petitioner.

In November of 2015, the DHHR filed an amended petition to include allegations that petitioner failed to provide the child with appropriate shelter, supervision, financial or emotional support, medical assistance, educational direction, and clothing during the preceding six months. The DHHR further alleged that petitioner permitted the mother to have custody of the child despite his knowledge of her substance abuse.

The circuit court held an adjudicatory hearing in August of 2016, during which petitioner admitted that he had not had physical contact with the child since 2014, and that he had been sentenced to an additional year of incarceration for a related offense. The circuit court then continued the matter until November of 2016, at which point petitioner indicated that he wished to stipulate to the allegations against him. At the hearing, the DHHR indicated that it could no longer recommend an improvement period for petitioner because the child had been in foster care for the preceding nineteen months. Petitioner acknowledged the DHHR's new position and indicated that he still wished to enter his stipulation on the record. The circuit court ultimately accepted petitioner's stipulation and adjudicated him as having abused and neglected the child.

Later that month, petitioner filed a motion to withdraw his stipulation. The circuit court then held a dispositional hearing in December of 2016. During the hearing, the circuit court denied petitioner's motion to withdraw his stipulation. The circuit court also denied petitioner's oral motion for an additional improvement period. Ultimately, the circuit court terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[3]According to the parties, both parent's parental rights to L.N. were terminated below. According to the DHHR, the permanency plan for the child is adoption by her current foster family.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in denying his motion to withdraw his stipulation because it failed to properly question him as to the content and consequences of the stipulation. According to petitioner, the circuit court failed to inform him of the following before accepting his stipulation: (1) that the DHHR would be relieved of any further burden of proof; (2) that petitioner could be adjudicated solely based on the stipulation; and (3) that he was waiving his right to appeal adjudication below. Petitioner further argues that he was only informed that the DHHR would oppose an improvement period minutes before he entered his stipulation. As such, petitioner argues that the stipulation was unreliable and, accordingly, that the stipulation failed to conform with the applicable rules. The Court, however, finds no error in regard to the circuit court's acceptance of petitioner's stipulated adjudication because the requirements of Rule 26 of the Rules of Procedure for Child Abuse and Neglect Proceedings were satisfied.

According to Rule 26(b),

> [b]efore accepting a stipulated or uncontested adjudication, the court shall determine that the parties understand the content and consequences of the admission or stipulation, the parties voluntarily consent, and that the stipulation or uncontested adjudication meets the purposes of these rules and controlling statute and is in the best interests of the child.

In questioning petitioner as to the voluntariness of his stipulation, the circuit court specifically inquired as to whether petitioner "enter[ed] into this voluntarily of your own free will after having discussed the stipulation as well as your rights with your attorney[,]" to which petitioner responded affirmatively. Petitioner also indicated that he was not forced, coerced, threatened, or otherwise induced into entering the stipulation. On the contrary, petitioner confirmed that he discussed not only the stipulation with his attorney, but also discussed "other avenues that [he] may pursue . . . ." Moreover, it was made clear to petitioner that the DHHR was no longer in a position to support an improvement period for him, given the length of time the child had been in foster care. The record reflects a lengthy discussion of this fact, in addition to the circuit court specifically questioning petitioner as to whether he understood that his stipulation was "not being offered in exchange for [him] to get an improvement period[,]" because of the DHHR's recent request that his motion for an improvement period be denied. Despite the circuit court's multiple questions regarding the consequences of his stipulation, petitioner ultimately chose to enter the same.

Further, the stipulation itself contained a detailed recitation of the conditions of abuse and/or neglect to which petitioner was admitting and, therefore, required no additional discussion on the record. On appeal, petitioner argues that Rule 26 requires the circuit court to question a parent about the contents of the stipulation and not rely on the stipulation itself. We find, however, under the limited circumstances of this specific case, that questioning petitioner about the specific conduct to which he was admitting was unnecessary, given the written stipulation's contents. As noted above, Rule 26 does not dictate a specific manner in which a circuit court

3

must question a parent. Instead, as is relevant here, it requires that, prior to accepting a stipulation, the circuit court make a determination that the parent understands the content of the stipulation. Here, the document clearly set forth the facts to which petitioner was stipulating, and the circuit court confirmed that petitioner discussed the written stipulation with his attorney. Moreover, the consequences of petitioner's stipulation are addressed in the stipulation itself, which petitioner's counsel explained to him. The stipulation clearly states that, as a result of the conduct to which petitioner admitted, "the child . . . is an abused and neglected child within the meaning of the West Virginia Code [§] 49-6-1 et al." Based on the inclusion of this language, counsel's discussions with petitioner concerning the stipulation itself, and the execution of the stipulation by both counsel and petitioner, it is clear that petitioner understood that the child would be found to be an abused and neglected child.

Finally, petitioner argues that the facts to which he stipulated do not constitute abuse or neglect and that the circuit court should have permitted him to withdraw his stipulation on this ground. We do not agree. The stipulation at issue specifically set forth the fact that petitioner "failed to provide his child[] with shelter, supervision, financial or emotional support, medical assistance, educations direction or food and clothing due to his incarceration based upon voluntary actions that constituted criminal conduct." Petitioner also admitted that, as a result of his incarceration, he left his child with the mother who "he should have known was not an appropriate placement . . . ." Pursuant to West Virginia Code § 49-1-201, a "neglected child" is one

> [w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care or education, when that refusal, failure or inability is not due primarily to a lack of financial means on the part of the parent, guardian or custodian . . . .

Here, petitioner admitted that he failed to properly supervise the child and that, as a result of his neglect, the child was left with the mother who abused illicit substances and operated a methamphetamine laboratory in the home. Accordingly, it is clear that petitioner's failure to supply the child with necessary supervision resulted in a threat to her physical and mental health. For these reasons, we find no error in the circuit court's acceptance of petitioner's stipulation at adjudication and we further find no error in the circuit court's denial of petitioner's motion to withdraw his stipulation.

Additionally, the Court finds no merit to petitioner's argument that the circuit court erred in adjudicating him of abusing and/or neglecting the child. Petitioner's entire argument in support of this assignment of error presumes that his stipulation was inadequate. As set forth above, the Court finds no error in the sufficiency of petitioner's stipulation or in the circuit court's acceptance of the same. Moreover, we do not find petitioner's additional arguments in support of this assignment of error compelling. First, petitioner argues that his abuse or neglect of the child was the result of a financial inability to properly provide for the child. We do not agree. As set forth above, it was petitioner's willful decision to engage in criminal conduct and his subsequent incarceration that resulted in his inability to properly supervise the child. Second, petitioner argues that, at the time the petition was filed, the child was in the DHHR's care and,

4

thus, not subjected to abuse or neglect. However, petitioner's argument ignores the reality that his inability to properly supervise the child subjected her to abuse and neglect at the hands of the mother, who abused illicit substances while caring for the child and operated a methamphetamine laboratory in the home. As such, it is clear that the child suffered a harm or threat of harm to her physical and mental health as a result of petitioner's neglect.

Petitioner is incorrect that, because he could not have his parental rights terminated solely for incarceration, he similarly cannot be adjudicated solely on the basis of his incarceration. This argument misstates both the specific facts of this case and our prior cases governing abuse and neglect proceedings. The record is clear that petitioner was adjudicated as a result of his "fail[ure] to provide his child[] with shelter, supervision, financial or emotional support, medical assistance, educations direction or food and clothing . . . ." More importantly, however, "this Court has never held that incarceration can not be the sole basis for terminating parental rights." *Cecil T.*, 228 W.Va. 96, 717 S.E.2d at 880. To the contrary, this Court has stated that, when incarceration is the *only* factor or circumstance considered at disposition, a circuit court must consider certain additional issues, such as the nature of the parent's offense, the length of the sentence, and the terms of confinement. *Id.* at 91, 717 S.E.2d at 875, Syl. Pt. 3. As such, this argument is without merit.

Petitioner further argues that the DHHR failed to prove certain aspects of abuse and neglect by clear and convincing evidence. We find this argument to be disingenuous given the circuit court's acceptance of petitioner's stipulation at adjudication. Because petitioner stipulated to adjudication, the DHHR was absolved of its burden of proof to present additional evidence of petitioner's abuse and/or neglect. Because petitioner later moved to withdraw his stipulation, we decline to apply an invited error standard to this issue. However, given that we find no error in the circuit court's denial of petitioner's motion to withdraw his stipulation, we similarly find no error in the DHHR's alleged failure to satisfy the applicable burden of proof at adjudication. As such, it is clear that petitioner's argument on this issue is without merit, and we accordingly find no error in the circuit court's adjudication of petitioner.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 8, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: June 19, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5